UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TIMOTHY LEON STREET,

        Plaintiff,                            Case No. 14-11195
                                                        HON. GEORGE CARAM STEEH

vs.

DUANE K. BRYANT,

        Defendant.
_____/

## ORDER TO SHOW CAUSE AND DENYING WITHOUT PREJUDICE PLAINTIFF'S APPLICATION TO PROCEED IN FORMA PAUPERIS

Plaintiff Timothy Leon Street filed his complaint and application to proceed in forma pauperis in this court on March 24, 2014. In his application, Street states that due to his poverty, he is unable to pay the costs in the above-entitled proceeding. Street states he is employed as a shop orderly at FCI Milan and makes $24 to $35 per month, and an authorized officer of the institution certified that Street has $122.17 in his prisoner account and that his average balance during the last six months was $451.03. In his complaint, Street asserts the court has subject matter jurisdiction under 28 U.S.C. § 1332, based on diversity of citizenship between the parties and an amount in controversy exceeding $75,000.

First, addressing the court's jurisdiction, Street has not explained why he and the defendant are citizens of different states, as required for this case to go forward. Street makes no assertions in his complaint about his citizenship or where he is domiciled, nor does he assert where the defendant is a citizen or is domiciled. It appears that Street is

currently incarcerated at FCI Milan in Michigan, but that does not necessarily mean he is a citizen of Michigan or domiciled there. In fact, if Street's pre-imprisonment domicile was *not* in Michigan, then as a general rule he has not acquired domicile in Michigan for federal diversity purposes. *Stifel v. Hopkins*, 477 F.2d 1116, 1121-22 (6th Cir. 1973). That said, Street is not precluded from showing he has developed the intention to be domiciled in Michigan. *Id.* at 1124.

More importantly, the court questions how the amount in controversy in this case could exceed $75,000, where the attorney fee alleged to be improperly withheld by the defendant is no more than $18,000. Street has thus provided no basis for his claims for $75,000 in compensatory damages and $250,000 in punitive damages.

Plaintiff is hereby ORDERED TO SHOW CAUSE as to why this court should not dismiss the matter for lack of jurisdiction. Should plaintiff demonstrate to the court's satisfaction that the case should not be dismissed, the court will then dismiss the order to show cause. Plaintiff shall then resubmit his request to proceed without prepayment of fees or costs, on the appropriate form. That form includes language whereby the prisoner authorizes the correctional facility in which the prisoner is housed to both provide information about the prisoner's trust fund account and withdraw funds from the prisoner's trust fund account to make future payments toward the filing fee.

IT IS SO ORDERED.

Dated: April 11, 2014

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on April 11, 2014, by electronic and/or ordinary mail and also on Timothy Leon Street #21212-057, FCI Milan, Federal Correctional Institution, P. O. Box 1000, Milan, MI 48160.

s/Barbara Radke
Deputy Clerk